## Roy v. City of Greensburg

*Pershing, Snyder & Ciarimboli,* for plaintiffs.

*Richard T. Jennings, Jr.,* and *Joseph B. Mitinger,* for defendant.

SCULCO, J., October 7, 1965.—This case comes before this court to determine preliminarily whether the City of Greensburg acquired an easement or fee simple title to property condemned in the City of Greensburg. This proceeding arises from a flood control project instituted by the City of Greensburg, Westmoreland County, Pa., along a creek known as Jack's Run. The City of Greensburg enacted an ordinance on March 28, 1965, the pertinent part of which states as follows:

"Section 1. That a right of way, including all necessary lands and easements, for the construction and maintenance of the Greater Greensburg Area Flood Protection Project be, and it is hereby appropriated and condemned . . . in accordance with plans . . . approved in December, 1956 and designated File No. C 65:3 of the Pennsylvania Department of Forests and Waters, and copies of which plan are on file in : . . the Office of the City Engineer of the City of Greensburg . . ."

Defendant, the City of Greensburg, contends that by reason of the ordinance they acquired an easement rather than a fee simple title to the area condemned.

The question to be determined by this court is whether under the law the City of Greensburg acquired a fee simple title or easement over the land condemned. Plaintiffs have contended that the City of Greensburg, being a third class city, cannot acquire any title to land except in fee simple, unless an agreement or consent is acquired for the acquisition of a different title. The Third Class City Code of April 28, 1951, P. L. 662, sec. 28.5, provides as follows:

"Section 2850. Title Acquired.—In all cases where land or property is acquired by the city in eminent domain proceedings other than for street purposes, or is acquired by gift, purchase or otherwise, the title obtained by the city shall be in fee simple or like absolute ownership: Provided, That in particular instances a different title may by agreement or consent be acquired": 53 PS §37850.

The City of Greensburg contends that it has a right to condemn an easement rather than a fee simple title by virtue of the ordinance which was passed by the municipality and the Act of April 14, 1949, P. L. 442, sec. 1, 26 PS §201, which provides as follows:

"When any political subdivision of this Commonwealth shall hereafter, in the exercise of the power of eminent domain, acquire by appropriation and condemnation any real estate, the title thereto which shall vest in such city, county, school district, or other political subdivision shall be a title in fee simple, *unless prohibited in the ordinance or resolution authorizing the appropriation and condemnation thereof*". (Italics supplied.)

The City of Greensburg further contends that The Third Class City Code of 1951, cited above, did not specifically repeal this act. The city further contends

that municipalities are given the power to acquire rights of way for flood control purposes by an act of assembly which reads as follows:

"Any municipality shall have power to acquire . . . easements or rights of way . . . deemed necessary for the erection or construction of any such works or improvements . . . by the right of eminent domain . . .": First Ex. Sess. August 6, 1936, P. L. 95, sec. 5, 53 PS §2865.

The municipality further contends that the act of assembly upon which plaintiff depends is not mandatory, and by ordinance the city can condemn an easement rather than a fee simple title. It is the opinion of this court that the eminent domain statute of The Third Class City Code which was enacted and added to in 1951 is the controlling statute in reference to condemnation by a third class city.

It is also the opinion of this court that there must have been a reason why the act of assembly provided that the title obtained by a city in a condemnation proceeding shall be fee simple.

It is the observation of this court that condemnations by the Department of Highways of the Commonwealth of Pennsylvania restricted by law to condemn an easement rather than a fee simple title have resulted in the high cost of road construction, and in many instances undue enrichment of the property holder. The legislature may have considered the advisability of the city obtaining a fee simple title by condemnation rather than an easement. It is conceivable in many instances an easement, rather than a fee simple title, would be more appropriate. The act of assembly does provide that in particular instances a different title may be taken by agreement or consent. No agreement for taking a different title was agreed to or consented to by the parties in this proceeding.

The language of The Third Class City Code is plain

and, in the opinion of this court, makes it mandatory that a fee simple title is taken in eminent domain proceedings by the city. It also provides that in particular instances a different title may be by agreement or consent. The city cannot substitute by ordinance an agreement, or consent when a title other than fee simple is desired. Therefore, it is the opinion of this court that The Third Class City Code makes it mandatory that in eminent domain proceedings the city acquire a fee simple title.

### ORDER

And now, to wit, October 7, 1965, after due and careful consideration, it is hereby ordered, adjudged and decreed that the City of Greensburg by virtue of The Third Class City Code, providing for the condemnation of private property by eminent domain proceedings, acquired a fee simple title to property of plaintiffs.

Weiss, P. J., and Rial, J., concurring.